UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

```
*******************************
 THOMAS REILLY,                *   CIVIL ACTION NO.
                PLAINTIFF      *   3:02CV1346 (SRU)
 VS.                           *
                               *
 CITY OF WEST HAVEN AND        *   MARCH 25, 2004
 H. RICHARD BORER, JR.,        *
                DEFENDANTS     *
*******************************
```

## LOCAL RULE 9(C)1 STATEMENT

1. The Plaintiff, Thomas Reilly, was first employed by the City of West Haven in December, 1995 when he was hired as the Electrical Inspector in the Building Department. *Complaint, ¶ 6; Exhibit 1, excerpts of Plaintiff's deposition at p. 12.*

2. The Defendant H. Richard Borer, Jr. was first elected as Mayor of the City of West Haven in November, 1991 for a two year term and was reelected for successive two year terms from 1993 through 2003. *Exhibit 2, Affidavit of John Early (hereinafter "Early Aff.") at ¶ 5.*

3. The City of West Haven is governed by a Mayor/City Council form of government. The City Council for the City of West Haven is comprised of thirteen members. *WEST HAVEN, CONN., CITY CHARTER ch. II, § 2 (1961, as revised)(hereinafter "Charter"); A copy of Charter is attached hereto as Exhibit 3.*

4. Pursuant to the Charter of the City of West Haven, the Mayor serves as the chief executive officer of the City whereas the legislative power of the City is vested in the City Council. *Exhibit 3, Charter, Ch. III, §1; Ch. IV, §5.*

5. Pursuant to the Charter of the City of West Haven, the Mayor is charged with presenting

a recommended annual operating budget to City Council no later than the third Thursday of March of each year. *Exhibit 3, Charter, Ch. XIX, Part A, §3.* This recommended budget is to include a budget message outlining the financial policy of the City and describing the important features of the budget plan, estimates of revenue for the coming year and estimates of expenditures for the coming year. *Id.*

6. Not later than the first Thursday of February of each year, the Mayor receives from each department head detailed estimates of the projected expenditures to be made by his or her respective department. *Exhibit 3, Charter, Ch. XIX, Part A, §1.*

7. Pursuant to the Charter of the City of West Haven, the City Council is ultimately responsible for adopting the annual operating budget for the City of West Haven. *Exhibit 3, Charter, Ch. XIX, Part A, § 4; Exhibit 1, excerpts of Plaintiff's deposition, at pp. 121-122.*

8. In carrying out this legislative function, the City Council must first hold public hearings and allow all those to come forward who wish to be heard on the City's appropriations. Such public hearings are to be held not later than the first Thursday of April of each year. *Exhibit 3, Charter, Ch. XIX, Part A, § 4.*

9. During the course of its review of the Mayor's recommended operating budget, the City Council may alter any item of the Mayor's recommendations upon a two thirds vote. *Id.; Complaint, ¶ 16.*

10. The Mayor's recommendations on the operating budget are subject to plenary review by the City Council of the City of West Haven. *Exhibit 3, Charter, Ch. XIX, Part A, § 3.*

11. The City Council of the City of West Haven adopts the annual operating budget by majority vote. *Id.*

12. Mayor Borer presented his recommended operating budget for fiscal year 2002-2003 to

2

the City Council on March 21, 2002.  *Exhibit 4, Minutes of 3/21/02 Meeting.*

13. The Mayor's recommended operating budget proposed eliminating the position of electrical inspector and funding an additional position of assistant building official.  <u>See</u> *Exhibit A and B to Early Aff.*; <u>See</u> *Complaint* ¶ *12.*

14. A public hearing on the Mayor's recommended budget for fiscal year 2002-2003 was held on April 3, 2002 at 7:00 p.m. in the auditorium of the May V. Carrigan Middle School in West Haven, at which time any elector or taxpayer was granted the opportunity to be heard regarding appropriations for fiscal year July 1, 2002 to June 30, 2003. *Exhibit 2, Early Aff. at* ¶ *7.*

15. Notice of this public hearing was published in the West Haven Voice on March 28, 2002. *Ex.5, Certified Copy of the Legal Notice for the Public Hearing on the Budget for Fiscal Year July 1, 2002 to June 30, 2004.*

16. At a Budget Meeting of the City Council on April 30, 2002, Councilman Cullen made a motion to restore the position of electrical inspector to the City's operating budget.  A vote was taken on this motion.  The motion did not garner the requisite two thirds majority vote to pass. *Exhibit 2, Early Aff. at* ¶ *13; Complaint* ¶ *18; Exhibit 1, excerpts of Plaintiff's deposition at pp. 78-81.*

17. The City Council of the City of West Haven conducted a special meeting on May 2, 2002 for the purpose of acting on the Mayor's recommended operating budget and five year capital plan for the City of West Haven for Fiscal Year July 1, 2002 to June 30, 2003.  *Ex. 6, Minutes of 5/2/02 Meeting.*

18. The Mayor's operating budget, as amended by the City Council, was adopted by a vote of 9 to 3.  <u>Id.</u>; <u>See</u> *Complaint* ¶ *18.*

19. The budget adopted by City Council amended the Mayor's recommendations by two

3

thirds vote in numerous instances by, for example, increasing or decreasing the amount budgeted for a certain itemized expenditure. *Id. and Copy of Amendments appended to Ex. 6, Minutes of 5/2/02 Meeting.*

20. The Plaintiff commenced this action by complaint dated and filed on August 5, 2002.

21. The Plaintiff claims that Mayor Borer eliminated the position of electrical inspector from Mayor Borer's recommended operating budget for fiscal year 2002-2003 because the Plaintiff did not support Mayor Borer in his bid for reelection in November, 2001. *Complaint ¶ 1.*

22. The Plaintiff claims that Mayor Borer was "the person orchestrating the entire misdeed." *Exhibit 1, excerpts of Plaintiff's deposition at p. 130.*

23. The Plaintiff does not claim nor is there any evidence to support a claim that the City Council committed any wrongdoing in adopting the operating budget for the City of West Haven for fiscal year 2002-2003. *See Complaint.*

24. The Plaintiff does not claim nor is there any evidence to support a claim that either the Mayor or the City Council deviated from the budget process as established by the City Charter. *Id.*

            THE DEFENDANTS,
            CITY OF WEST HAVEN AND
            H. RICHARD BORER, JR.

            By:_____
              Jennifer L. Schancupp
              Federal Bar No. ct11876
              Susman, Duffy & Segaloff, P.C.
              55 Whitney Avenue
              P.O. Box 1684
              New Haven, CT 06507

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed this day, via first class mail, postage prepaid, to the following:

<u>Counsel for the Plaintiff</u>
Gary Phelan, Esq.
Gary Phelan, LLC
433 S. Main St., Suite 102
West Hartford, CT 06110

<u>Co-counsel for the Defendants</u>
Michael P. Farrell, Esq.
201 Center Street
West Haven, CT 06516

                                                                          _____
                                                                          Jennifer L. Schancupp, Esq.

I:\Client U_Z\West Haven\Reilly\pleadings\Local Rule 9(c)1 Statement.wpd

5