FILED

2004 AUG -2  P 3: 13

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

```
***************************************
THOMAS REILLY,              *   CIVIL ACTION NO.
            PLAINTIFF       *   3:02CV1346 (SRU)
VS.                         *
                            *
CITY OF WEST HAVEN AND      *   AUGUST 2, 2004
H. RICHARD BORER, JR.,      *
            DEFENDANTS      *
***************************************
```

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE MATERIALS SUBMITTED BY PLAINTIFF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**I.    STANDARD OF LAW**

The Defendants have moved to strike certain materials submitted by the Plaintiff in opposition to the Defendants' Motion for Summary Judgment. Namely, the Defendants seek to strike certain newspaper clippings as inadmissible hearsay, Paragraph 6 of the Plaintiff's affidavit as conclusory and thus improper, Paragraphs 4 and 6 of the Plaintiff's Statement of Disputed Material Facts for failure to cite to any evidentiary support, and alleged statements made by State Representative, Louis Esposito and Commissioner of Planning & Zoning, James Hill, regarding statements made by Mayor Borer. "A motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion. The moving party must be specific in regards to what it is seeking to have stricken and must set forth reasons why the materials should not be considered by the court." Newport Electronics, Inc. v. Newport Corp., 157 F. Supp. 2d 202, 208 (D. Conn. 2001).

## II. THE NEWSPAPER CLIPPINGS REFERENCED BY THE PLAINTIFF ARE INADMISSIBLE HEARSAY AND THUS NOT PROPERLY CONSIDERED ON THE MOTION FOR SUMMARY JUDGMENT.

To support his contention that there are material issues of fact to be tried, the Plaintiff has attached as an exhibit to his memorandum of law an undated newspaper clipping from the New Haven Register entitled "Council Oks Budget, Restoring Job Cuts." The Plaintiff offers this clipping to support its baseless contention that, when the City Council approved the budget for the City of West Haven for fiscal year 2002-2003, it ratified the Mayor's alleged improper basis for recommending the elimination of the position of Electrical Inspector from the City's budget. *See Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss (sic) (hereinafter "Plaintiff's Memo.") at p. 8*. The Plaintiff also refers to a column from the West Haven Voice entitled "Dear Felicia" and dated April 11, 2002 which purportedly states that Mayor Borer planned to get rid of the plaintiff for being on the "wrong team". *See Plaintiff's Memo. at pp. 2, 7, and 9.*[1] The Plaintiff likewise refers to this column to support its baseless contention that there is a question of fact concerning the ratification by the City Council of West Haven of the Mayor's purported improper motive for recommending the elimination of the position of Electrical Inspector. The Court should strike both newspaper clippings from consideration as they are inadmissible hearsay and thus cannot be used to substantiate the claim that there is a material fact in dispute.

"The principles concerning admissibility of evidence do not change on a motion for summary judgment. Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997); Newport Elecs. v. Newport Corp., 157

---

[1] Contrary to the Plaintiff's contention, this column does not state that Mr. Reilly was on the "wrong team." Notably, the Plaintiff has not annexed a copy of this column to its brief, but rather refers to the column through an allegation of the Plaintiff's complaint. The Defendants, however, have attached a copy of this column to this Memorandum of Law so that the Court may see that this purported newspaper "article" (*Plaintiff's Memo. at pp. 2 and 7*) is, in fact, an opinion column chock full of inadmissible hearsay. Moreover, this column does not say what the Plaintiff claims it says.

2

F. Supp. 2d 202, 208 (D. Conn. 2001)." Barlow v. Connecticut, 319 F. Supp. 2d. 250, 257 (D. Conn. 2004). "Accordingly, a motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay, conclusory statements, are incomplete, or have not been properly authenticated. See e.g. Hollander v. American Cyanamid Co., 999 F. Supp. 252, 255-56 (D. Conn. 1998); Dedyo v. Baker Engineering New York, Inc., 1998 U.S. Dist. LEXIS 132. 1998 WL 9376 at *4 (S.D.N.Y. 1998)." Id. Inadmissible hearsay cannot be used to raise a triable issue of fact sufficient to defeat a motion for summary judgment. See ABB Indus. Systems Inc. v. Prime Technology, Inc., 120 F. 3d 351, 357 (2d Cir. 1997); Tyson v. Willauer, 290 F. Supp. 2d 278, 287, n.5 (D. Conn. 2003)(newspaper articles attached to response to motion for summary judgment in § 1983 case were insufficient to defeat motion as articles were inadmissible hearsay under Rule 801(c).) Eisenstadt v. Centel Corp., 113 F. 3d 738, 742-43 (7th Cir. 1997)(newspaper article submitted in opposition to summary judgment motion properly disregarded because statements in article were mere hearsay).

The clippings are written statements offered by the Plaintiff, who is not the author of the clippings, to prove the truth of the matters asserted therein. Thus, they are hearsay, and pursuant to Fed.R.Evid. 801(c) and 802, they are inadmissible, in the absence of an applicable exception. See Mayor of City of Philadelphia v. Educational Equality League, 415 U.S. 605, 616-19 (1974)(reliance by appellate court on newspaper article was error as it was hearsay, and no exception was articulated); Tyson v. Willauer, 290 F.Supp.2d 278, 287 (D.Conn.2003)(newspaper articles attached to response to motion for summary judgment in Monell claim case were insufficient to defeat summary judgment as articles were inadmissible hearsay under Fed.R.Evid. 801(c). None of the exceptions set forth in Fed.R.Evid. 803, 804 or 807 apply. See United States Football League v. National Football League, 1986 WL 5803 *2 (S.D.N.Y.1986)(courts rarely allow newspaper articles into evidence to prove the

3

truth of the statements contained therein. The residual exception to hearsay should be used only rarely, in truly extraordinary circumstances)(copy attached hereto). Because the clippings are inadmissible hearsay, the Court should order them (and all references to them) stricken from the Plaintiff's Memo.

In addition to the clippings themselves being hearsay, they contain hearsay. As such, the clippings are inadmissible hearsay within hearsay (or double hearsay) for which no exception applies. The residual exception to hearsay only applies where no specific exception enumerated under Fed.R.Evid 803 or 804 applies, but nonetheless, equivalent circumstantial guarantees of trustworthiness are present. See Fed.R.Evid. 807. The Second Circuit has instructed us how to analyze the trustworthiness of a piece of evidence offered under the residual exception, with respect to whether, and to what extent, it minimizes the "four classic hearsay dangers," namely insincerity, faulty perception, faulty memory, and faulty narration. Schering Corp. v. Pfizer, Inc., 189 F.3d 218, 232-33 (2d Cir.1999). Following Schering, the Court must look closely at the proposition for which the anticipated evidence – by way of newspaper articles or reference thereto – is being offered. See Jacobson v. Deutsche Bank, 206 F Supp.2d 590, 595-96 (S.D.N.Y. 2002)(discussing the residual exception under Schering and determining that when an article was offered to prove a specific utterance by a person at a specific point in time in a defamation suit, the article was not admissible under the residual exception because "every word, their placement, order and translations . . . are highly relevant "and, thus, newspaper account not trustworthy).

Here, the New Haven Register article attributes statements to "critics" of Borer without identifying the critics or providing the basis of their criticism. The "Dear Felicia" column from the West Haven Voice is hearsay within hearsay, in that the columnist is speaking about what other people did or said. The newspaper clippings do not contain circumstances surrounding the purported statements, in what context they were said, to whom or when they were allegedly said. Without such

4

information, the clippings are hearsay within hearsay to which no exception applies. The residual exception is inapplicable here because the facts alleged in this case do not establish an extraordinary situation, nor do the clippings contain information from which the Court could find trustworthiness. "News accounts, unsupported by corroborating evidence and offered to prove that certain statements were made, will usually lack the 'circumstantial guarantees of trustworthiness' that Rule [807] requires." Internal citations omitted. See Jacobson, 206 F. Supp. 2d. at 595.

Finally, to refer to the "Dear Felicia" column as a newspaper "article" and thus to imbue it with some sort of alleged legitimacy, strains credulity. A quick read of this column reveals that it is an opinion piece, written from a point of view which is apparently highly critical of anything done by Mayor Borer. Indeed, Mr. Reilly, during his deposition, characterized this column as an opinion piece. *Excerpt of Plaintiff's Deposition attached hereto as Exhibit 1.*

### III. PARAGRAPH 6 OF THE PLAINTIFF'S AFFIDAVIT SHOULD BE STRICKEN SINCE IT IS CONCLUSORY.

Fed.R.Civ.P. 56(e) requires affidavits related to summary judgment to (1) be made on personal knowledge; (2) contain admissible facts; and (3) show affirmatively that the affiant is competent to testify on the matters therein. As such, affidavits are subject to the rules of evidence, and "facts" which are irrelevant, hearsay, or made with no basis for personal knowledge, or are opinions or conclusions are subject to being stricken. See eg., Monroe v. Board of Education of Town of Wolcott, 65 F.R.D. 641 (D.Conn.1975)(striking paragraphs of affidavits on grounds of personal knowledge, relevancy, hearsay and conclusory statements of opinion).

Paragraph 6 of the Plaintiff's Affidavit states, in its entirety "Mayor Borer made no secret of the fact that he planned to retaliate against me for having run in the Democratic Primary against the party-endorsed ticket which he headed by eliminating my position as Electrical Inspector." The Plaintiff's Affidavit is silent as to the basis for this purported "fact". The Plaintiff's Affidavit is likewise silent

5

as to any underlying facts which would establish a foundation for the Plaintiff's personal knowledge of the purported "fact" attested to in Paragraph 6. Indeed, the Plaintiff's Affidavit goes on to state that the Plaintiff merely "believed" that the elimination of the position of Electrical Inspector was motivated by political retaliation. *See Plaintiff's Affidavit at ¶¶ 9 and 10.*

Accordingly, this statement should be stricken because it is not based on personal knowledge of the affiant and because it is conclusory, See Fed. R. Evid. 602 and Fed. R. Evid. 701; see also Hester v. BIC Corp., 225 F.3d 178, 184 (2d Cir. 2000)(trial court committed harmful error by permitting plaintiff's co-employees to testify to opinion that plaintiff's supervisor's neglect of plaintiff 'must have been because of her race'; testimony was not based on personal knowledge of employer's motivation and, therefore, was not rationally connected to facts witnesses personally perceived).

IV. **PARAGRAPHS 4 AND 6 OF THE PLAINTIFF'S LOCAL RULE 56(a)3 STATEMENT SHOULD BE STRICKEN FOR FAILURE TO CITE ANY EVIDENTIARY SUPPORT.**

Local Rule 56(a)3 (formerly Local Rule 9(c)(3)) provides that "[e]ach statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." Local Rule 56(a)3 further provides that "counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, ... when the opponent fails to comply, an order granting the motion."

"Once a movant has demonstrated that no material facts are in dispute, the non-movant must set forth specific facts indicating a genuine issue for trial exists in order to avoid the granting of summary judgment." Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996) (citations omitted). To survive a motion for summary judgment, the non-moving party may not simply rest on the

6

pleadings, but must submit evidentiary support for any claims that a material issue of fact exists requiring trial. Id. "Local rule 9(c) is strictly interpreted, and failure to *properly* controvert facts in opposing a summary judgment motion is an appropriate consideration in granting the motion." In re Fowler, 250 B.R. 828, 830. (Bankr. D. Conn. 2000)(emphasis added). Here, the Plaintiff fails to cite even any affidavits or other evidence that would be admissible at trial to support his assertions in Paragraphs 4 and 6 of his Local Rule 56(a)3 Statement. Thus, he has failed to meet the requirements of Local Rule 56(a)3. Accordingly, these paragraphs of the Plaintiff's statement should be ordered stricken.

### V.  THE STATEMENTS OF STATE REPRESENTATIVE LOUIS ESPOSITO AND COMMISSIONER OF PLANNING & ZONING, JAMES HILL, REFERENCED BY THE PLAINTIFF CONSTITUTE INADMISSIBLE HEARSAY.

Finally, the Plaintiff attempts to generate a triable material issue of fact in referencing statements made by State Representative, Louis Esposito, and Commissioner of Planning & Zoning, James Hill. The Plaintiff claims that, according to Hill, Mayor Borer told Hill not to oppose his proposal to eliminate the Plaintiff's position. *Pl. 9(C)(3), ¶ 7; Pl. Memo., p. 3; Compl. ¶ 17.* The Plaintiff further claims that, according to Esposito, Mayor Borer told Esposito that if the Mayor were reelected then the Plaintiff "was out." *Pl. Memo., p. 2; Compl. ¶ 9.*

These statements, however, are classical examples of inadmissible hearsay. The Plaintiff offers these statements to prove the truth of the matters asserted therein, namely Mayor Borer's statements regarding the budgetary process and the status of the Plaintiff's employment with the City. Accordingly, the statements fall squarely within the reach of Fed.R.Evid 801(c) and 802. Thus, the statements are inadmissible for purposes of summary judgment.

7

THE DEFENDANTS,<br>
CITY OF WEST HAVEN AND<br>
H. RICHARD BORER, JR.<br><br>
By: _____<br>
Jennifer L. Schancupp<br>
Federal Bar No. ct11876<br>
Susman, Duffy & Segaloff, P.C.<br>
55 Whitney Avenue<br>
P.O. Box 1684<br>
New Haven, CT 06507

## CERTIFICATION

     This is to certify that a copy of the foregoing was mailed this day, via first class mail, postage prepaid, to the following:

<u>Counsel for the Plaintiff</u>
Gary Phelan, Esq.
Outten & Golden, LLP
Four Landmark Square, Suite 201
Stamford, CT 06901

<u>Co-counsel for the Defendants</u>
Michael P. Farrell, Esq.
201 Center Street
West Haven, CT 06516

_____
Jennifer L. Schancupp, Esq.

I:\Client U_Z\West Haven\Reilly\pleadings\Memo of Law in support of Mot to Strike materials in opposition to MSJ.wpd

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O. BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505