UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

```
*************************************
THOMAS REILLY,                *    CIVIL ACTION NO.
              PLAINTIFF       *    3:02CV1346 (SRU)
VS.                           *
CITY OF WEST HAVEN and H.     *    AUGUST 2, 2004
RICHARD BORER, JR.,           *
              DEFENDANTS      *
*************************************
```

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT**

**I.    ARGUMENT**

    **A.    The Plaintiff's Claim Under 42 U.S.C. § 1983 Cannot Survive Summary Judgment Because the Plaintiff Has Not Alleged Wrongdoing on the Part of a Final Policymaker and, in the Alternative, Because the Plaintiff Has Not Established Ratification.**

In his memorandum of law in opposition, the Plaintiff claims for the first time that the City Council acquiesced in the alleged decision by Mayor Borer to retaliate against the Plaintiff for his involvement in the City's 2001 Democratic primary.[1] *Pl. Mem. pp. 6-8.* This argument is unavailing for the following reasons: (1) the Plaintiff has not alleged a claim of ratification and (2) the Plaintiff has not made a particularized showing that the City Council ratified the Mayor's purported "illegal" act.

As a threshold matter, the Plaintiff concedes that the City Council is the final policymaker with respect to the budget. *Pl. Mem. p. 14.* This concession is determinative. A municipality cannot be liable under the doctrine of *respondeat superior*. Jeffes v. Barnes, 208 F.3d 49, 56 (2d Cir. 2000). In order to establish municipality liability, the Plaintiff must prove that the Mayor was a final policymaker with respect to the budget. The Plaintiff, however, concedes that the City Council, not the Mayor was

---

[1] The Plaintiff has withdrawn his claims against Mayor Borer in both his official and individual capacity. *Pl. Mem., p. 10.* Thus, the City is the only defendant subject to a claim under § 1983.

the final policy maker with respect to the elimination of the position of Electrical Inspector. *Pl. Mem. p. 14*. Notwithstanding this dispositive concession, the Defendants will address the claim of ratification.

A municipality may be subject to liability under § 1983 in situations where a policymaker ratifies a subordinate's decisions or acts. City of St. Louis v. Praprotnik, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). To establish ratification, however, the Plaintiff must plead and establish that the final policymaker not only ratified the decision itself but also approved of the improper basis for that decision. Id.; see also Barry v. New York City of Police Dep't, No. 01 Civ. 10627 CBM, 2004 WL 758299, at *14 (Apr. 7, 2004 S.D.N.Y.). Moreover, to survive summary judgment, the non-movant "must set forth specific facts indicating a genuine issue for trial exists....mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." Cifarelli v. Babylon, 93 F.3d 47, 51 (2d. Cir. 1996). If the non moving party submits evidence which is "merely colorable", or is not "significantly probative," summary judgment is appropriately granted. Anderson v. Liberty Lobby, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986).

The Plaintiff's Complaint is devoid of any allegation that the City Council acquiesced to the Mayor's alleged budgetary demands or that it knew and adopted the Mayor's alleged retaliatory motive. The Complaint focuses exclusively on the Mayor's conduct. The Complaint sets forth a series of allegations establishing a claim against Mayor Borer but alleges nothing to implicate the City Council. *Complaint. ¶¶ 9-15*. The Plaintiff's own deposition testimony encapsulates this emphasis: the Plaintiff referred to the Mayor as "the person orchestrating the entire misdeed." *Ex. 1 to Def. Mem., p. 130*. Rather than alleging a claim of ratification, the Plaintiff's Complaint attempts to establish municipal liability under the doctrine of *respondeat superior*. This doctrine is clearly precluded under § 1983.

Even if the deficiencies of the Plaintiff's Complaint are overlooked, the Plaintiff has still failed

2

to point to any particularized facts which substantiate the claim of ratification. The "facts" which the Plaintiff contends create a genuine issue for trial are summarized on pages 8-9 of his memorandum. Specifically, the Plaintiff refers to statements allegedly made to the Plaintiff by the Commissioner of Planning & Zoning, James Hill, and State Representative, Louis Esposito, neither of whom is affiliated with the City Council. *Pl. Mem. pp. 8-9.*[2] The Plaintiff does not identify any evidence that any member of City Council was aware of these alleged statements. Therefore, they are not probative of whether the City Council knew of the Mayor's alleged improper motive in recommending the elimination of the position of Electrical Inspector. Additionally, the Plaintiff refers to various newspaper articles. These articles constitute inadmissible hearsay and amount to nothing more than rumor and supposition. Thus they fall far short of demonstrating particularized facts necessary to support the claim that the Council ratified Mayor Borer's alleged improper motives.

The Plaintiff also relies on a letter he sent to City Council on April 14, 2002. This letter is silent regarding Mayor Borer's alleged motives. *Pl. Mem. Ex. 2.* Indeed, the letter addresses the budgetary constraints of the City of West Haven by arguing that no money would be saved by the elimination of the position of Electrical Inspector. *Id.* Finally, the Plaintiff relies on an alleged conversation with City Council member, Anna Cirillo, to demonstrate the Plaintiff's belief of wrongdoing. *Pl. Mem. pp. 8-9.* This proffer, however, falls well short of the Plaintiff's burden to establish that the City Council knew of Mayor Borer's intent to retaliate against the Plaintiff's exercise of First Amendment rights.

Indeed, the City Council entertained a motion to reinstate the position of Electrical Inspector. That such a vote was taken simply underscores the fact that the City Council did not ratify the Mayor's

---

[2] These statements are hearsay and thus not properly considered in ruling on a motion for summary judgment. The hearsay nature of these statements as well as the newspaper clippings relied upon by the Plaintiff are addressed in the Defendants' Motion to Strike Materials Submitted by the Plaintiff in Opposition to the Defendants' Motion for Summary Judgment submitted herewith.

alleged improper actions. Although the motion to "add back building employee" was unsuccessful, at the time this motion was considered, the Council also entertained three other motions to override the Mayor's budgetary recommendations. *Ex. D to Early Aff.*, *attached to Def. Mem. as Ex.2*. Two of the four motions to override the Mayor's recommendations passed. *Id.* These four votes are illustrative of the numerous instances where the Council overrode the Mayor's recommendations. *Ex. 6 to Early Aff.* In other words, the evidence does not establish "that the City Council has adopted a custom or policy of acquiescence to the Mayor's budgetary demands" such as is required to make out a claim of ratification. Legal Aid Society v. New York, 114 F. Supp. 2d. 204, 232 (S.D.N.Y. 2000)(citing Praprotnik, 485 U.S. at 129-30, 108 S. Ct. at 927-28).

    **B.    There is No Question of Material Fact Over the Plaintiff's Exercise of his Bumping Rights.**

The Plaintiff contends that he was retaliated against when he sought to exercise his bumping rights. *Pl. Mem. pp. 9-10.* This claim rests entirely upon the conclusory allegation in the Plaintiff's complaint that "the defendant repeatedly altered the requirements of every position Mr. Reilly sought in order for him not to qualify." *Complaint, ¶ 19*. No particularized facts are identified by the Plaintiff. Thus, the Plaintiff has failed to demonstrate a genuine issue for trial.

Moreover, there is no issue for trial on this claim. Although the Plaintiff sought to bump into the position of Highway Maintenance Superintendent, he was denied the opportunity to do so because it was not a lateral or lower job as required by union contract. *Affidavit of Ralph DeLucca, attached hereto as Ex. 1, at ¶ 15.* Mr. Reilly could have grieved this determination, but chose not to do so. *Id. at ¶ 16; see also Art. 7 § 2 of the 1103 Contract attached to DeLucca Aff. as Ex. A.* Although the Plaintiff bid on the job of Assistant to the Commissioner of Public Works, another candidate with more seniority was selected for the job. *DeLucca Aff. ¶¶ 22-25.* In accordance with the union contract which Mr. Reilly negotiated as a union representative, *Id. at ¶ 7*, employees with seniority were to be given

preference. *Id. at ¶ 24.* Finally, although Mr. Reilly did not bid on the job of Risk/Procurement Manager, he did not meet the educational requirements for the position. *DeLucca Aff. ¶¶ 28, 29; Excerpts of Pl. Depo. attached hereto as Ex. 2, at p. 6.* Thus, even if he had bid on the job, he would not have met the educational requirements for this position. *Id.*

In addition, the Plaintiff contends that there is a genuine issue of fact concerning his claim that he was removed from the Holiday Festivities Committee by the Mayor. *Pl. Mem. pp. 9-10.* It is undisputed, however, that Mr. Reilly's service on this committee was on a volunteer basis which predated his employment with the City of West Haven. *Ex. 2, at p. 10, 23-24.* In other words, his service on this committee was unrelated to his employment.

  C. **The Plaintiff's Claims Against the City and the Mayor in His Official Capacity Under CONN. GEN. STAT. § 31-51q Are Subject to the Same Analysis as Those Claims Raised Under § 1983.**

The Plaintiff argues that the case law governing § 1983 is irrelevant to his claims raised under CONN. GEN. STAT. § 31-51q. The Plaintiff contends that municipal defendants facing a claim under § 31-51q are not subject to the standards delineated in Monell v. Department of Soc. Servs., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *Pl. Mem. pp. 13-15.* In effect, the Plaintiff urges this Court to ignore the accepted practice of looking to federal law in construing § 31-51q. The law governing § 1983 is not only relevant but determinative.

The Second Circuit recently highlighted the import of the case law interpreting § 1983 in the application of § 31-51q. In Bracey v. Board of Educ. of City of Bridgeport, 368 F.3d 108 (2d Cir. 2004), the Second Circuit explained that courts construing § 31-51q consistently look to § 1983 case law in assessing the validity of the claimant's cause of action.[3] *Id. at 116.* Both the Second Circuit and

---

[3] Bracey is contrary to the Defendants' argument regarding this Court's supplemental jurisdiction. *See Defs. Memo. pp. 14-15.* According to the Second Circuit, claims raised under § 31-51q implicate this Court's federal question jurisdiction. Bracey, 368 F.3d at 116. This case was released after the Defendants filed their motion for summary judgment.

5

the State of Connecticut have relied upon federal law in determining whether a claimant has raised a cognizable § 31-51q claim against a government defendant. See Barlow v. Connecticut, 319 F. Supp. 2d 250, 266 (D. Conn. 2004); Downing v. West Haven Bd. of Educ., 162 F.Supp.2d 19, 33 (D. Conn. 2001); Ritz v. Town of East Hartford, 110 F.Supp.2d 94, 103 (D. Conn. 2000); Cotto v. United Techs. Corp., 48 Conn. App. 618, 629, 711 A.2d 1180 (1998); Gottlob v. Connecticut State University, CV930521148S, 1996 WL 57087, at *3 (Conn. Super. Jan. 19, 1996). Accordingly, where legislative immunity shields a defendant from a § 1983 claim it likewise dooms a § 31-51q claim.

    **D.    Mayor Borer, May Invoke the Defense of Legislative Immunity in an Action Under § 31-51q Alleging Liability in His Individual Capacity.**

The Plaintiff contends that a municipal official cannot invoke the defense of legislative immunity when faced with a claim under § 31-51q. *Pl. Mem. p.14.* This argument is without merit. First, § 31-51q does not reveal an intent to eviscerate this otherwise available common law defense. Second, as discussed in Part C of this memorandum, the doctrine of legislative immunity is a recognized defense in § 1983 actions and, therefore, this Court should apply the doctrine in this case.

Where a common law principle is firmly established, the courts construe statutes to include these principles unless a statutory purpose to the contrary is evident. Attorney General of Canada v. R.J. Tobacco Holdings, Inc., 268 F.3d 103, 127 (2d Cir. 2001), *cert. denied*, 537 U.S. 1000, 123 S.Ct. 513, 154 L.Ed.2d 394 (2002); Ames v. Commissioner of Motor Vehicles, 267 Conn. 524, 532, 839 A.2d 1250 (2004). "In order to abrogate a common-law principle, the statute must speak directly to the question addressed by the common law." R.J. Tobacco Holdings, Inc., 268 F.3d at 128; see also Ames, 267 Conn. at 532. For example, in Colon v. City of New Haven, 60 Conn. App. 178, 183-84, 758 A.2d 900, *cert. denied*, 255 Conn. 908, 763 A.2d 1034 (2000), the Connecticut Appellate Court held that

6

CONN. GEN. STAT. § 52-557n[4] does not eliminate the common law exceptions to governmental immunity available to municipal officials simply because the statute does not reference the exceptions.[5] Id., 183-84. The Appellate Court explained that "[s]ection 52-557n contains no language evincing a legislative intent to vitiate this exception to governmental immunity for discretionary acts. In the absence of any such language, we do not construe the statute as barring recovery from a political subdivision where this exception applies." Id., at 184.

It is clear that Connecticut recognizes the common law defense of legislative immunity. AvalonBay Communities, Inc. v. Town of Orange, CV 99065826, 2000 WL 226374, at *13 (Conn. Super. Feb. 9, 2000), *rev'd on other grounds*, 256 Conn. 557, 775 A.2d 284 (2001); Anonymous v. Connecticut Bar Examining Comm., CV94-0534160-S, 1995 WL 506660, at *5-*6 (Conn. Super. Aug. 17, 1995); Bials v. Town of Portland, 59608, 1992 WL 189358, at *2 (Conn. Super. July 27, 1992). It is equally evident that § 31-51q does not express an intent to vitiate this doctrine. If the legislature intended such a result, it could have easily included language to this effect.

In addition, arguing that legislative immunity is unavailable as a defense for municipal officers under § 31-51q, while it remains available under § 1983; Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 210 (2d Cir. 2003); runs contrary to the Second Circuit's similar treatment of the two statutes. Bracey, 368 F.3d at 116. The doctrine of legislative immunity has been an accepted defense to liability throughout the history of our legal system. Bogan v. Scott-Harris, 523 U.S. 44, 49, 118 S.Ct.

---

[4] Section 52-557n affords a direct cause of action against a municipality in certain instances. See Spears v. Garcia, 263 Conn. 22, 29-30, 818 A.2d 37 (2003).

[5] According to Connecticut common law, there are three exceptions to the doctrine of governmental immunity applied to a municipal employee's discretionary acts: "first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm ... second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws ... and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." Purzycki v. Fairfield, 244 Conn. 101, 108, 708 A.2d 937 (1998).

7

966, 140 L.Ed.2d 79 (1998); AvalonBay Communities, Inc., 2000 WL 226374, at *13. In light of the doctrine's well established roots, the Plaintiff has not advanced any reason why legislative immunity is not available in § 31-51q actions.

### E. The Plaintiff Has Not Demonstrated that His Alleged Conduct Involved a Matter of Public Concern.

The Plaintiff also argues in conclusory fashion that his actions regarding his campaign for public office were motivated by concern for the public rather than by self-interest. *Pl. Mem. pp. 11-12*. The Plaintiff, however, has not cited any authority rebutting the proposition that conduct taken in promoting one's own campaign arises from self-interest rather than concerns protected by the First Amendment. Additionally, the Plaintiff does not identify any evidence demonstrating that his conduct involved matters of public concern.

A plaintiff alleging a First Amendment retaliation claim must prove that the conduct at issue was made as a citizen on matters of public concern rather than on those of personal interest. Johnson v. Ganim, 342 F.3d 105, 112 (2d Cir. 2003). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record. . . . While this determination may be somewhat fact-intensive, it presents a question of law for the court to resolve." Id. (internal quotations and citations omitted).

Conduct aimed to further one's own political candidacy is a matter of self-interest rather than one of public concern. Such conduct, therefore, is not protected under either the federal or state constitution. See Hellstrom v. Dep't of Veteran Affairs, 178 F.Supp.2d 164, 169 (N.D.N.Y. 2001), *aff'd.*, 178 Fed. Appx. 651 (2002); Sierra v. State, CV000803588, 2003 WL 22413679, at *4 (Conn.

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

Super. Oct. 14, 2003).[6]

The Plaintiff claims that his participation as a candidate in the City Democratic primary was constitutionally protected conduct because such conduct addressed matters of public concern. *Complaint.* ¶¶ *26, 33*. In support of this claim, the Plaintiff refers to several cases rendered by other Courts of Appeals holding that a public employee <u>who supports a candidate</u> is exercising rights protected by the First Amendment. *Pl. Mem. p. 12*. None of these cases address the situation where the employee <u>is the candidate</u>. Accordingly, these cases are inapplicable to the present matter.

The Plaintiff has not met his burden in establishing that he acted as a citizen speaking on matters of public concern. According to his Complaint and Affidavit, the Plaintiff was acting in his own self-interest while running for office. *Complaint,* ¶¶ *26, 33; Pl. Aff.* ¶¶ *3-4*. The Defendants, therefore, respectfully request that this Court enter summary judgment in their favor.

### F. The Plaintiff's Claim Under § 31-51q Fails as a Matter of Law Because of the Absence of "Discipline or Discharge" as Contemplated by the Statute.

Alternatively, the Plaintiff's claim under § 31-51q is defective because it does not allege "discipline or discharge" as required by the statute. The basis for the Plaintiff's claim rests upon the alleged conduct of the Defendants regarding the budgetary process. Because such legislative conduct does not fall within the scope of § 31-51q, the Plaintiff's claim cannot survive summary judgment.

Section 31-51q prohibits any employer from disciplining or discharging any employee in retaliation of that employee's exercise of rights guaranteed by the first amendment to the United States Constitution or article first of the Constitution of Connecticut. <u>Daley v. Aetna Life & Cas. Co.</u>, 249

---

[6] These two cases do not, as the Plaintiff contends, address situations wherein an employee supports a candidate as a member of the general public. (<u>See</u> Pl. Mem., pp. 11-12.) Rather, they set forth the applicable analysis for scenarios where an employee is clearly motivated by self-interest such as that employee's own political candidacy.

9

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O. BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

Conn. 766, 778, 734 A.2d 112 (1999). Neither the Second Circuit nor the Connecticut appellate courts have interpreted the phrase "discipline or discharge."[7]

The text of the statute is clear. The statute applies to employment decisions that penalize an employee for exercising certain constitutionally protected rights. See id. In the instant matter, no employment decision was made. The decisions affecting the Plaintiff, as alleged in his Complaint, were those lawfully made during the course of the budgetary process. The Plaintiff does not allege, and cannot establish, that the proposed budget violated the procedure set forth in the City Charter. Furthermore, the evidence amply supports the propriety of the City Council's subsequent review, revision and adoption of the proposed budget. *Defs. Mem. pp. 8-9.* Thus, there are no genuine issues as to any material fact regarding the absence of "discipline or discharge" by the Plaintiff's employer.

The Plaintiff's claim, therefore, does not fall under the ambit of § 31-51q as a matter of law. Accordingly, the Defendants respectfully request that summary judgment enter as to the Plaintiff's claim under § 31-51q.

## II.   CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court enter summary judgment in their favor as to the Plaintiff's Complaint in its entirety.

---

[7] Several Connecticut Superior Court decisions consider and apply the term "discipline." None of these cases, however, address legislative action that results in the elimination of positions. See McIntyre v. Fairfield University, No. CV020391471, 2003 WL 1090690, at *2 (Mar. 3, 2003 Conn. Super. Ct.) (failure to grant tenure); Bombalicki v. Pastore, No. 378772, 2000 WL 726839, at *3-*4 (May 10, 2000 Conn. Super. Ct.) (failure to promote); Douglas v. Board of Trustees for Connecticut State University, No. CV 950372571, 1999 WL 240736, at *2 (Apr. 8, 1999 Conn. Super. Ct.) (failure to rehire and to grant tenure); D'Angelo v. McGoldrick, No. CV 93 0063904, at *4-*5 (Aug. 3, 1995 Conn. Super. Ct.) (transfer).

THE DEFENDANTS,
CITY OF WEST HAVEN AND
H. RICHARD BORER, JR.


By:_____
    Jennifer L. Schancupp
    Federal Bar No. ct11876
    Susman, Duffy & Segaloff, P.C.
    55 Whitney Avenue
    P O Box 1684
    New Haven, CT 06507


## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this day, via first class mail, postage prepaid, to the following:

| Counsel for the Plaintiff | Co-Counsel for the Defendants |
|---|---|
| Gary Phelan, Esquire | Michael P. Farrell, Esquire |
| Outten & Golden, LLP | 201 Center Street |
| Four Landmark Square, Suite 201 | West Haven, CT 06516 |
| Stamford, CT 06901 | |

_____
Jennifer L. Schancupp

I:\Client U_Z\West Haven\Reilly\pleadings\Reply Memorandum MSJ JLS edits 072904.wpd

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505