UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| THOMAS REILLY, | \* | CIVIL ACTION NO. |
| PLAINTIFF | \* | 3:02CV1346 (SRU) |
| VS. | \* | |
| | \* | |
| CITY OF WEST HAVEN AND | \* | AUGUST 2, 2004 |
| H. RICHARD BORER, JR., | \* | |
| DEFENDANTS | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF RALPH DELUCCA, JR.

STATE OF CONNECTICUT)
                     ) s.s.   West Haven        August 2 , 2004
COUNTY OF NEW HAVEN)

I, Ralph DeLucca, Jr., hereby depose and say:

1.    I am over the age of eighteen (18) years and understand the obligations of an oath.

2.    I make this affidavit based on my personal knowledge.

3.    I served as the Director of Personnel and Labor Relations for the City of West Haven from 1978 through 2003.

4.    Funding for the position of Electrical Inspector was eliminated from the budget for the City of West Haven effective July 1, 2002.  At the time funding for this position was eliminated, this position was occupied by Thomas Reilly.

5.    The position of Electrical Inspector was governed by the Agreement between Communications Workers of America, AFL-CIO, Local 1103 and the City of West Haven (the "1103 Contract").  A copy of the 1103 Contract for the time period of July 1, 2000 through June 30, 2004 is attached hereto as Exhibit A.

6.  As a member of Local 1103, Thomas Reilly had the option of bumping into a position occupied by another employee or taking a lay off prior to the effective date of the elimination of the position of Electrical Inspector. As a member of Local 1103, Thomas Reilly was also eligible to bid on any open position that was posted for applications.

7.  At the time the 1103 Contract was signed in August, 2000, Thomas Reilly was a negotiator for Local 1103, Communications Workers of America, AFL-CIO (p. 28 of Ex.A).

8.  In my capacity as Director of Personnel and Labor Relations, I met with Thomas Reilly on June 14, 2002 in order to discuss his options for bumping into another position. Attached hereto as Exhibit B is a copy of the Bumping Policy for the City of West Haven in effect as of June 14, 2002.

9.  In accordance with Article 14 of the 1103 Agreement and the Bumping Policy for the City of West Haven, all bumps must be to a lateral or lower job classification.

10. When I met with Thomas Reilly on June 14, 2002, I informed him that, as a member of Local 1103, Communications Workers of America, AFL-CIO, he was eligible to bump into another position, provided the position which he sought to bump into was a lateral or lower job classification than that of Electrical Inspector.

11. During this meeting, Thomas Reilly informed me that he wished to bump into the position of Highway Maintenance Superintendent.

12. The 1103 Contract contains a salary schedule for covered positions for each of the fiscal years covered by the contract. (Ex. A, Appendix B, p. 39).

13. As of June, 2002, Thomas Reilly had obtained the "top step" salary for the position of Electrical Inspector.

14. Pursuant to the salary schedule for the fiscal year of 2002-2003 (Ex. A, Appendix B, p. 39),

2

the top step pay for the position of Electrical Inspector was $49,407 and the top step pay for the position of Highway Maintenance Superintendent was $52,948.

15. In accordance with the Bumping Policy for the City of West Haven and Article 14 of the 1103 Agreement, I informed Thomas Reilly that he was ineligible to bump into the position of Highway Maintenance Superintendent because the position of Electrical Inspector was a lower job classification than that of Highway Maintenance Superintendent. Attached hereto as Exhibit C is a copy of a letter dated June 14, 2002 addressed to Thomas Reilly informing him of this fact.

16. To the best of my knowledge, Mr. Reilly never filed a grievance with the union concerning the determination that he was ineligible to bump into the position of Highway Maintenance Superintendent.

17. As of June 14, 2002, the job description for the position of Assistant to the Commissioner of Public Works was being rewritten.

18. Pursuant to Article 5 of the 1103 Contract, the City of West Haven has the authority to revise existing job descriptions provided that advance notice of such revision is given to the union and the union is given the opportunity to request to discuss such changes prior to implementation.

19. On June 18, 2002, the rewritten job description for the position of Assistant to the Commissioner of Public Works was submitted to the union for its approval. Attached hereto as Exhibit D is a copy of a letter I wrote to the union requesting approval of the new job description.

20. The union subsequently approved this rewritten job description on July 8, 2002, as noted by the handwritten signature of Mark Bisaccia, the union representative, at the bottom of the

3

rewritten job description annexed to Exhibit D.

21.    After the union approved the rewritten job description for the position of Assistant to the Commissioner of Public Works, the job was posted in accordance with Article 37 of the 1103 Contract. Attached hereto as Exhibit E is a copy of the job posting for the position of Assistant to Commissioner of Public Works.

22.    After the job of Assistant to the Commissioner of Public Works was posted, Thomas Reilly bid on the job. Attached hereto as Exhibit F is a copy of a letter from me to the Commissioner of Public Works informing him of the letters of interest received on the position after it was posted, and the relative dates of hire for each of the applicants.

23.    The job of Assistant to the Commissioner of Public Works was awarded to Mark Bisaccia.

24.    Pursuant to Article 37 of the 1103 Contract, after a job is posted, "the employee with the most seniority shall be selected providing [sic] he/she possesses the qualifications and abilities required as determined by the Employer."

25.    Mark Bisaccia had more seniority than Thomas Reilly as set forth in Exhibit F. Thomas Reilly was hired by the City of West Haven in December, 1995. Mark Bisaccia was hired by the City of West Haven in May, 1988.

26.    As stated in Exhibit D hereto, a job description for the position of Risk/Procurement Manager was submitted to the union for its approval on June 3, 2002.

27.    The union subsequently approved the job description for the position of Risk/ Procurement Manager on July 22, 2002. Attached hereto as Exhibit G is a copy of the job description bearing the handwritten approval of the union representative as of July 22, 2002. Attached hereto as Exhibit H is a copy of the job posting for this position.

28.    Thomas Reilly did not bid on this position. However, if he had, he would not have met the

4

job qualifications. The qualifications for this job include a Bachelors Degree in business
with advanced course work desirable. (Ex. G, Ex. H).

29.     Thomas Reilly does not possess a Bachelors Degree in Business.

Ralph DeLucca, Jr.

Subscribed and sworn to before me this 2nd day of August        , 2004.

Notary Public
My Commission Expires: _10/25/05_

Commissioner of the Superior Court

I:\Client U_Z\West Haven\Reilly\pleadings\Affidavit R DeLucca.wpd

5