UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS REILLY, | CIVIL ACTION NO.: |
| Plaintiff | 302CV1346 (SRU) |
| v. | |
| CITY OF WEST HAVEN and H. RICHARD BORER, JR. | |
| Defendants. | September 24, 2004 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO STRIKE MATERIALS SUBMITTED BY PLAINTIFF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I   PRELIMINARY STATEMENT

The defendants, City of West Haven (herein "the City") and H. Richard Borer, Jr. (herein "Mayor Borer") have filed a Motion to Strike materials submitted by Plaintiff in opposition to Defendant's Motion for Summary Judgment. The defendant has moved to strike the following materials:

1. The newspaper article from the New Haven Register, entitled "Council Oks Budget, Restoring Job Cuts" and the plaintiff's reference to the Newspaper article from the West Haven Voice dated April 11, 2002, entitled, "Dear Felicia."

2. Paragraph 6 of the Plaintiff's Affidavit.

3. Paragraphs 4 and 6 of the Plaintiff's Statement of Disputed Material Facts.

4. Statements made by State Representative, Louis Esposito, and Commissioner of Planning & Zoning, James Hill, regarding statements made by Mayor Borer.

For the reasons discussed below, the defendants' Memorandum of Law in Support of Motion to Strike Materials Submitted by Plaintiff in Opposition to Defendant's Motion for Summary Judgment herein ("Defendant's Motion to Strike") should be dismissed.

## II. STANDARD OF LAW:

A motion to strike is "appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay or conclusory statements, are incomplete, or have not been properly authenticated." Spector v. Experian Information Services Inc., 321 F.Supp.2d 348, 352 (D. Conn. 2004) (citations omitted)

## III. THE NEWSPAPER CLIPPINGS REFERENCED BY THE PLAINTIFF ARE NOT INADMISSIBLE HEARSAY BECAUSE THEY ARE NOT BEING OFFERED TO PROVE THE TRUTH OF THE MATTER ASSERTED.

The defendants contend that the newspaper article from the New Haven Register entitled, "Council OKs Budget, Restoring Job Cuts" and the plaintiff's reference to the newspaper article from the West Haven Voice entitled, "Dear Felicia" are inadmissible hearsay under Fed. R. Evid. 801(c). See Defendant's Motion to Strike at 2-3. Hearsay "is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

The plaintiff is not offering the referenced newspaper articles to prove the truth of the matter asserted, i.e., that Mayor Borer promised to get rid of Mr. Reilly for being on the "wrong team." Rather, it is offered to illustrate that there are material facts in dispute of whether the City Council had knowledge of Mayor Borer's retaliation of Mr. Reilly. The defendants' argue that the City Council was completely unaware of Mayor Borer's retaliation towards Mr. Reilly. According to the defendants, "the plaintiff does not identify any evidence that any member of City Council was aware of these alleged statements." See Defendants' Reply Memorandum in

Support of their Motion For Summary Judgment at 3. The referenced newspaper articles support an argument that some City Council members may have known that there were allegations regarding retaliatory motives by Mayor Borer towards plaintiff. (The defendants certainly had the option of submitting affidavits saying that the City Council members were each unaware of the New Haven Register and West Haven Voice articles discussing Mayor Borer's possible retaliatory motive against the plaintiff but they did not do so).

"A newspaper article could be properly admitted to evidence where the articles were not offered to prove the facts in the story, but instead were admitted to support the idea that the public was aware of the information mentioned in the articles." 29 Am. Jur. 2d Evidence § 664. "[T]he newspaper may be offered in evidence for the purpose of showing that such person had notice of its contents, especially when better proof cannot be produced." 29A Am. Jur. 2d Evidence § 1424.

In Munafo v. Metropolitan Transportation Authority, 2003 WL 21799913, *16 (E.D.N.Y. 2003), the court found that newspaper articles were admissible for "other relevant non-hearsay purposes." The newspaper article in Munafo criticized the transit authority for quashing safety concerns and internal corruption. The interview in the newspaper article was based, in part, on information given to the reporter from the plaintiff in that case. Id. According to the court, "such evidence does not fall within the definition of hearsay because it is not being 'offered in evidence to prove the truth of the matter asserted' ... the article is offered to show ... [the plaintiff's] exercise of his First Amendment rights, defendants' knowledge of the substance of [the plaintiff's] public criticisms, and their motive for retaliating against him." Id. at *17. Munafo elaborated that "[i]f the significance of an offered statement lies solely in the fact that it

was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." Id., citing United States v. Press, 336 F.2d 1003, 1011 (2d Cir. 1965).

The only question is whether the newspaper articles are relevant. According to Fed. R. Evid. 401, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The two newspaper articles support the plaintiff's assertion that the City Council may have had knowledge of allegations of Mayor Borer's retaliation against Mr. Reilly more probable than not.

The Federal Rules of Evidence are designed "to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined." Fed. R. Evid. 102.

The newspaper articles are not hearsay, they are relevant to establish the defendants' knowledge of retaliatory events, and exclusion of such evidence defeats the purpose and construction of the Federal Rules of Evidence.

### IV. PARAGRAPH 6 OF THE PLAINTIFF'S AFFIDAVIT IS ADMISSIBLE BECAUSE IT IS BASED ON PERSONAL KNOWLEDGE AND IS NOT CONCLUSORY.

According to the defendants, paragraph 6 of the plaintiff's affidavit should be stricken because "it is not based on personal knowledge of the affiant and because it is conclusory." Defendants' Motion to Strike at 6. Paragraph 6 states that, "Mayor Borer made no secret of the fact that he planned to retaliate against me for having run in the Democratic Primary against the party-endorsed ticket which he headed by eliminating my position as Electrical Inspector."

According to Fed.R.Civ.P. 56(e), "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Mayor Borer made "no secret" that he intended to retaliate against Mr. Reilly in the following ways:

- Mayor Borer told State Representative Louis Esposito, along with several other people, that if he (Mayor Borer) was reelected "Tom Reilly is out." (Complaint ¶ 9);

- Mayor Borer threatened Mr. Hill not to challenge his proposal to eliminate Mr. Reilly's position, cautioning that his job was expendable as well. (Complaint ¶17).

Mr. Reilly had personal knowledge of Mayor Borer's motive to retaliate based on what he was told by Mr. Esposito and Mr. Hill and because Mr. Reilly's position as Electrical Inspector was eliminated from the budget shortly after Mayor Borer made the above referenced statements. Mr. Reilly is competent to testify about the matter based on his personal knowledge. Therefore, paragraph 6 of the plaintiff's affidavit should not be stricken.

V. **PARAGRAPHS 4 AND 6 OF THE PLAINTIFF'S LOCAL RULE 56(a)3 STATEMENT SHOULD NOT BE STRICKEN DUE TO THE PLAINTIFF'S OVERSIGHT IN NOT CITING EVIDENTIARY SUPPORT.**

The defendants argue that Paragraph 4 and 6 of Plaintiff's Local Rule 9(c)(1) Statement (currently referred to as Local Rule 56(a)3)[1] statement must be stricken due to the plaintiff's failure to cite any evidentiary evidence in support of his allegations. See Defendant's Motion to Strike at 6-7.

Paragraph 4 of the plaintiff's Local Rule 56(a)3 Statement states, "Plaintiff told City Council members Joseph Cullen and Anna Cirillo before the City Council voted to eliminate his

---

[1] On July 1, 2004, the plaintiff submitted his Local Rule 9(c)(1) Statement. Local Rule 9(c)(1) has been converted to Local Rule 56(a)(3). For purposes of continuity, we will refer to the plaintiff's July 1, 2004 Local Rule 9(c)(1) Statement as Local Rule 56(a)(3) statement.

5

position from the 2002-03 budget that he believed Mayor Borer recommended that his position be eliminated to retaliate against him because he ran for City Council in the 2001 Democratic Primary against the ticket headed by Mayor Borer." The plaintiff attached, as Exhibit 2 to his Local Rule 56(a)(3) Statement, an affidavit from Thomas Reilly attesting in paragraphs 9 and 10 to the above referenced allegations. Although the plaintiff failed to refer the court to a specific citation, the evidence was nevertheless attached to the plaintiff's Local Rule 56(a)(3) Statement.

Paragraph 6 of the plaintiff's Local Rule 56(a)3 Statement states, "In addition to retaliating against plaintiff, Mayor Borer also retaliated against Sandra Larusso, his former secretary for seven (7) years and The Risk Manager in the Financial Department, because she supported Mayor Borer's opponent, John Picard, in the 2001 Democratic Primary." Again, the plaintiff inadvertently failed to cite to specific evidence which is set forth in paragraph 14 of the plaintiff's Complaint.

The plaintiff's inadvertent failure to sight to specific evidence in these two instances should not justify striking the above referenced allegations.

## VI. THE STATEMENTS MADE BY CONNECTICUT STATE REPRESENATIVE LOUIS ESPOSITO AND COMMISSIONER OF PLANNING & ZONING, JAMES HILL, ARE ADMISSIBLE NON-HEARSAY.

The statements made by both State Representative Louis Esposito and Commissioner of Planning & Zoning, James Hill, are not hearsay. The plaintiff alleges in his Complaint that Mayor Borer told State Representative Louis Esposito that if he (Mayor Borer) was reelected "Tom Reilly is out." See Complaint ¶9. The plaintiff also alleges that Mayor Borer threatened James Hill, Commissioner of Planning and Zoning, not to challenge his proposal. See Complaint ¶ 17. The statements are not being offered to prove the truth of the matter asserted but to

6

establish that Mayor Borer's retaliatory motive was well known and that it is conceivable that the City Council had knowledge of Mayor Borer's retaliatory agenda.

According to the Federal Rules of Evidence, "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, [then] the statement is not hearsay." United States v. Cardascia, 951 F.2d 474, 14 (2d Cir. 1991); see also Advisory Committee Note to Fed.R.Evid. 801(c). In Howley v. Town of Stratford, 217 F.3d 141 (2d Cir. 2000), the plaintiff, a female firefighter, brought a Title VII action against the Town and a co-worker alleging sexual harassment and failure to promote. The defendants argued that statements made to the plaintiff by subordinates were inadmissible hearsay. The Second Circuit disagreed, reasoning that, "testimony by [the plaintiff] herself that a number of her subordinates called expressing skepticism as to her competence would not be hearsay if offered not for the truth of the callers' assertions but only as proof that the calls and the statements were made." Id. at 155.

Even if the Court found that Mr. Esposito and Mr. Hill's statements were being offered to prove the truth of the matter asserted, the statements would be non-hearsay admissions by a party-opponent. Fed. R. Evid. 801(d)(2)(A). If the "statement is offered against a party and is the party's own statement, in either an individual or a representative capacity" it is not hearsay. Fed. R. Evid. 801(d)(2)(A). Therefore, Mr. Esposito and/or Mr. Hill would be permitted to testify at trial to Mayor Borer's statements to them.

Both Mr. Esposito and Mr. Hill are still employees of the defendant and, therefore, it is unlikely that the plaintiff could have obtained a voluntary sworn statement from them. Moreover, "[a]s a general rule, all ambiguities and references to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the

existence of a genuine issue for trial should be resolved against the moving party" <u>Collins v. Christopher</u>, 48 F. Supp. 2d 397 (S.D.N.Y. 1999) (citing <u>Brady v. Town of Colchester</u>, 863 F.2d 205, 210 (2d Cir. 1988). Therefore, the Court should decline to rule on this evidentiary issue and reserve the evidentiary question for trial.

The statements by both Mr. Esposito and Mr. Hill also fall under the hearsay exception "then existing mental, emotional, or physical condition." Fed. R. Evid. 803(3). According to Federal Rule of Evidence 803(3), "a statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will" is admissible as an exception to the hearsay rule. Therefore, Mr. Esposito and Mr. Hill's statements would be admissible to establish Mayor Borer's intent, plan and motive towards Mr. Reilly.

Finally, the court can admit Mr. Esposito and Mr. Hill's statement under Fed. R. Evid. 807, which states:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

In this case, Mr. Esposito and Mr. Hill's statements are being offered to establish that Mayor Borer's retaliatory motives toward Mr. Reilly were well known. The statements are probative to the point they are being offered, i.e., knowledge, and the interest of justice would be served by admitting the statement.

8

**CONCLUSION**

For all the foregoing reasons, the plaintiff requests that the court deny the defendants' motion to dismiss in its entirety.

THE PLAINTIFF,

THOMAS REILLY

By _____
Gary Phelan (CT 03670)
Tammy Marzigliano (CT 23326)
Outten & Golden LLP
Four Landmark Square, Suite 201
Stamford, CT 06901
(203)363-7888

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was mailed, first-class, postage prepaid, on September 24, 2004 to:

Jennifer L. Schancupp
Susman, Duffy & Segaloff, P.C.
55 Whitney Avenue
PO Box 1684
New Haven, CT 06507

Michael P. Farrell, Esq.
201 Center Street
West Haven, CT 06516

_____
Gary Phelan