UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| THOMAS REILLY, | \* | CIVIL ACTION NO. |
| PLAINTIFF | \* | 3:02CV1346 (SRU) |
| VS. | \* | |
| | \* | |
| CITY OF WEST HAVEN AND | \* | OCTOBER 7 , 2004 |
| H. RICHARD BORER, JR., | \* | |
| DEFENDANTS | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE
MATERIALS SUBMITTED BY PLAINTIFF IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7(d), the Defendants, City of West Haven (herein "the City") and H. Richard Borer, Jr. (herein "Mayor Borer"), submit this reply memorandum in support of their Motion to Strike Materials Submitted by Plaintiff in Opposition to Defendants' Motion for Summary Judgment, dated August 2, 2004.

**I.   The Two Newspaper Clippings Referenced by the Plaintiff Constitute Inadmissible Hearsay.**

In his opposing memorandum, the Plaintiff argues that the newspaper clippings referenced in his Memorandum in Opposition to the Defendants' Motion for Summary Judgment are admissible because they are offered to show that "some City Council members may have known that there were allegations regarding retaliatory motives by Mayor Borer towards Plaintiff." *Pl. Opp. Memo., p. 3. (emphasis added)*. In opposing a motion for summary judgment, however, the nonmoving party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome [the] motion...." Knight v. U.S. Fire Ins. Co., 804 F. 2d 9, 12 (2d Cir. 1986), cert. denied,, 480 U.S.932

(1987). Rather, Fed. R. Civ. P. 56 (e) requires that the nonmovant come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56 (e)(emphasis added). Thus, even if the evidentiary shortcomings of the newspaper clippings are overlooked, they do not create a genuine issue for trial.

Furthermore, the newspaper clippings do not support the Plaintiff's speculative contention that the City Council had any knowledge of the alleged retaliatory motive of Mayor Borer. The article published in the *New Haven Register* outlines the budgetary cuts approved by the City Council. Certainly, the City Council is aware of its own budgetary acts. The article, therefore, does nothing to establish the City Council's knowledge of Mayor Borer's alleged improper motives. Moreover, the clipping of the "Dear Felicia" column of the *West Haven Voice* is an anonymous opinion piece that cannot be used to establish support of any of the allegations set forth by the Plaintiff.[1]

The Plaintiff relies on Munafo v. Metropolitan Transp. Auth., No. 98 CV-4572 (ERK), 2003 WL 21799913 (E.D.N.Y. Jan. 22, 2003). Munafo, however, is distinguishable because that case involved a newspaper article containing statements made by the plaintiff himself. As such, the plaintiff's statements in that article constituted verbal acts giving rise to legal consequences. Id. at *17. The clippings offered by the Plaintiff in the present case do not include any such acts.

The Plaintiff also relies upon 29A AM. JUR. 2D *Evidence* § 1424 (1994). According to this authority, newspaper articles are generally inadmissible hearsay. 29A AM. JUR. 2D *Evidence* § 1424 (1994); see also Kelly v. City of New York, No. 01 CIV 8906 (AGS), 2002 WL 1482795, at *4 (S.D.N.Y. Jul. 9, 2002) (newspaper articles generally inadmissible hearsay); In re Columbia Sec. Litig.,

---

[1] The Plaintiff contends that the newspaper clippings support a claim of ratification by the City Council of Mayor Borer's alleged improper acts. As the Defendants noted in their Reply Memorandum to their Motion for Summary Judgment, the claim of ratification was not alleged in the complaint and was raised for the first time in opposing summary judgment. *Defs. Reply Mem., p. 2.*

155 F.R.D. 466, 475 (S.D.N.Y. 1994) (news accounts lack trustworthiness). A newspaper article, however, may be admitted in limited circumstances to show that an individual had notice of its contents. 29A AM. JUR. 2D, *supra*, § 1424, p. 801. To do so, the Plaintiff must establish: (1) the relevant individuals, i.e., the Council members, usually read the particular paper; (2) the Council members are aware of the particular article; and (3) better proof cannot be produced. Id.

The Plaintiff has neglected to establish the required foundation. The Plaintiff points to no evidence that members of City Council usually read the newspapers from which the clippings were taken, that they were aware of the clippings in question or that better proof cannot be produced. Indeed, the Plaintiff does not argue that he was unable to (or even attempted to) take the depositions of any of the members of City Council. Presumably, such depositions would have yielded testimony under oath as to what members of City Council did in fact know. Rather, absent any claim that better proof cannot be produced, the Plaintiff invites the Court to permit the admission of the newspaper clippings and then to use them to speculate as to what City Council knew about the Mayor's actions.

## II. The Plaintiff Has Not Established that Paragraph Six of the Plaintiff's Affidavit Is Based Upon Personal Knowledge.

The Plaintiff has not provided a proper evidentiary foundation to support the statements made in Paragraph Six of his affidavit. The affidavit does not establish that these conclusory statements are based upon the Plaintiff's personal knowledge. In his opposing memorandum, the Plaintiff argues that "Mr. Reilly had personal knowledge of Mayor Borer's motive to retaliate *based on what he was told by Mr. Esposito and Mr. Hill* and because Mr. Reilly's position as Electrical Inspector was eliminated from the budget shortly after Mayor Borer made the above referenced statements." (Emphasis added.) *Pl. Opp. Mem., p. 5.* The Plaintiff's explanation, however, relies impermissibly on hearsay; FED. R. EVID. §§ 801(c) and 802; because the Plaintiff relies on the out of court statements of Louis Esposito

3

and James Hill.[2] Moreover, the Plaintiff is incompetent to testify as to Mayor Borer's motive. Without more, the Plaintiff cannot rely on Paragraph Six of his affidavit in opposition to the Defendants' Motion for Summary Judgment. The Defendants, therefore, respectfully request that the Court strike Paragraph Six of the Plaintiff's affidavit.

### III. The Plaintiff Has Not Established that the Statements Made by Connecticut State Representative, Louis Esposito, and Commissioner of Planning & Zoning, James Hill, Are Not Hearsay.

The Plaintiff also argues that the statements of Louis Esposito and James Hill, recounting alleged statements made by Mayor Borer, constitute admissible evidence because they are offered to show that Mayor Borer's alleged retaliatory motives were "well known" as well as known by the City Council members. *Pl. Opp. Memo., pp. 6-7*. The Plaintiff also suggests that these statements fall under several of the exceptions to the hearsay rule. *Id. at pp. 7-8*. These arguments miss their mark.

The Plaintiff argues that the statements of Esposito and Hill are offered to show that "it is conceivable that the City Council had knowledge of Mayor Borer's retaliatory agenda." *Pl. Opp. Memo. p. 7*. These statements, according to the Plaintiff, were made directly by Borer to both of the purported declarants, Esposito and Hill. Yet, neither Esposito nor Hill were members of the City Council. Thus, these statements are clearly hearsay. Furthermore, the Plaintiff engages in pure speculation in suggesting that the Council members, or the public at large, was placed on notice of Mayor Borer's alleged retaliatory motives by these statements.

Relying on United States v. Cardascia, 951 F.2d 474 (2d Cir. 1991) and Howley v. Town of Stratford, 217 F. 3d 141 (2d Cir. 2000), the Plaintiff further asserts that the statements of Esposito and Hill are significant for the fact that they were made and thus are not hearsay. *Pl. Opp. Memo. p. 7*.

---

[2] See *infra* Part III of this Reply Memorandum.

4

Cardascia, however, referred to statements that, in and of themselves, gave rise to legal consequences. Id. at 486-87. In that case, one of the defendants attempted to introduce a letter demonstrating that he was not acting as a co-conspirator to bank fraud. Id. The defendant argued that the significance of the letter was not simply that it was drafted but rather that it created an inference that the defendant was not acting in concert with the other co-conspirators. Id. The Court of Appeals concluded that the letter was inadmissible hearsay. Similarly, the statements of Esposito and Hill are not legally significant simply because they are offered to support an inference as to the Mayor's motive.

Howley involved a claim of hostile work environment by a female firefighter against the Town of Stratford and a William Holdsworth, one of her subordinates. The claim was based, in part, on the insubordination of Holdsworth. In opposing a motion for summary judgment, the plaintiff offered her deposition testimony as to statements purportedly made by Holdsworth to others questioning her competency. The testimony was challenged on the grounds that it was inadmissible hearsay. The Court noted that if offered to prove the truth of the statements, the statements would be inadmissible as hearsay. If, however, the plaintiff's informants testified "on their own personal knowledge" that Holdsworth had made statements to them questioning the plaintiff's competency of command these statements would not be hearsay if offered not for the truth of the statements, but only to prove that the statements were made. Howley, 217 F. 3d 141, 155 (emphasis added).

Here, however, the testimony of Esposito and Hill is not being offered "on their own personal knowledge" but as hearsay relayed by the Plaintiff. The Plaintiff has not offered an affidavit or deposition testimony of either Esposito or Hill as to what Mayor Borer allegedly said to them. Rather, the Plaintiff relies on his claim that Esposito and Hill made the purported statements to him. Moreover, contrary to the Plaintiff's claim, the Plaintiff clearly offers his statement of what Esposito and Hill allegedly said to him to prove that Mayor Borer intended to retaliate against the Plaintiff. *Pl. Opp.*

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

*Memo. p. 5 (Plaintiff states that these statements establish that Mayor Borer made "no secret" that he intended to retaliate against him.).*

The Plaintiff also points to several exceptions to the hearsay rule. He argues that the statements of Esposito and Hill fall under the "then existing state of mind" exception as set forth in Fed. R. Evid. § 803(3). That rule provides:

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will. Fed. R. Evid. § 803(3)

This rule applies to spontaneous expressions of the declarant's state of mind. See Broga v. Northeast Utils., 315 F.Supp.2d 212, 218 (D.Conn. 2004); U.S. v. Cosentino, 581 F.Supp. 600, 602 (D.C.N.Y. 1984). The Plaintiff, however, is not attempting to introduce statements made by Hill and Esposito as to their own state of mind. Rather, the statements regard Mayor Borer's alleged state of mind. *Pl. Opp. Memo., p. 8.* Accordingly, this exception is inapplicable.

The Plaintiff also argues that the statements fall under the residual exception to the hearsay rule as provided in Fed. R. Evid. § 807.[3] He argues that the "statements are being offered to establish that Mayor Borer's retaliatory motives toward Mr. Reilly were well known." *Pl. Opp. Memo., p. 8.* The residual exception is applied rarely and only under exceptional circumstances. Parsons v. Honeywell, Inc., 929 F.2d 901, 907 (2d Cir. 1991). This is not one of those rare instances. The Plaintiff has not

---

[3] Fed. R. Evid. § 807 provides: "A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant."

6

established the requisite foundation for the application of the rule.  Notably, he has not demonstrated that these statements are more probative than any other evidence, namely affidavits or deposition testimony of the Council members themselves.

Finally, the Plaintiff contends that the statements of Esposito and Hill constitute party-opponent admissions under FED. R. EVID. § 801(d)(2)(A).  That section excludes from the definition of hearsay a statement that is "the party's own statement, in either an individual or a representative capacity . . . ."  FED. R. EVID. § 801(d)(2)(A).  Inexplicably and incorrectly, the Plaintiff argues that Esposito is an employee of the City of West Haven.  Plaintiff's complaint, however, refers to Esposito as a State Representative and makes no mention of his employer. *Complaint, ¶ 9*.  Furthermore, the statements of Esposito and Hill, contain two levels of possible hearsay.  Accordingly, the Plaintiff must establish the admissibility of each tier, even when one level includes possible party-opponent admissions.  See Franzon v. Massena Mem'l Hosp., 89 F.Supp.2d 270, 276-77 (N.D.N.Y. 2000).  As discussed above, the Plaintiff has not offered an affidavit or deposition testimony by either Esposito or Hill setting forth the claimed admission of Mayor Borer.  Rather, the Plaintiff relies on his statement as to what Esposito and Hill allegedly said to him.  Therefore, the Plaintiff has not demonstrated the applicability of the admission of an agent, or of any of the other claimed exceptions to the hearsay rule to the Plaintiff's recounting of the out of court statements allegedly made by Esposito and Hill.

**IV.    The Plaintiff Has Not Proffered Adequate Evidentiary Support for Paragraphs Four and Six of his Local 56(a)(3) Statement**.

The Plaintiff failed to cite any evidence in support of Paragraphs Four and Six of his Local 56(a)(3) Statement.  *See Defs. Memo., pp. 6-7.*  He cannot do so at this late juncture.  Nucifora v. Bridgeport Bd. of Educ., 188 F.Supp.2d 197, 200 (D.Conn.2001)(granting summary judgment for failure to file statement that complied with the Rule).  Accordingly, the Plaintiff has not satisfied his

7

obligations under L. Civ. R. 56(a)2.

**V.    Conclusion.**

For the reasons stated herein, the Defendants respectfully request that the Court strike the aforementioned portions of the materials submitted in support of the Plaintiff's Memorandum in Opposition to the Defendants' Motion for Summary Judgment. Said materials should not be considered by the Court when deciding the Defendants' Motion for Summary Judgment.

THE DEFENDANTS,<br>
CITY OF WEST HAVEN AND<br>
H. RICHARD BORER, JR.

By:_____
   Jennifer L. Schancupp
   Federal Bar No. ct11876
   Susman, Duffy & Segaloff, P.C.
   55 Whitney Avenue
   P.O. Box 1684
   New Haven, CT 06507

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed this day, via first class mail, postage prepaid, to the following:

| Counsel for the Plaintiff | Co-Counsel for the Defendants |
|---|---|
| Gary Phelan, Esq. | Michael P. Farrell, Esq. |
| Outten & Golden, LLP | 201 Center Street |
| Four Landmark Square, Suite 201 | West Haven, CT 06516 |
| Stamford, CT 06901 | |

_____
Jennifer L. Schancupp, Esq.

I:\Client U_Z\West Haven\Reilly\pleadings\Reply Memo in support of Mot to Strike materials in opp to MSJ.wpd