UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2005 MAY -2 A II: 37

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| THOMAS REILLY | CIVIL ACTION NO. |
| Plaintiff, | ~~3:03CV-1108(EBB)~~ |
| | 3:02cv1346(SRU) |
| v. | |
| CITY OF WEST HAVEN and H. RICHARD BORER, JR. | May 2, 2005 |
| Defendants. | |

### NOTICE OF APPEAL

Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure, the plaintiff, Thomas Reilly, hereby gives notice and hereby appeals to the United States Court of Appeals for the Second Circuit from this court's decision granting the defendant's Motion to Dismiss.

The judgment from which the defendant hereby appeals was entered on March 31, 2005. See March 31, 2005 Judgment and March 31, 2005 Ruling granting the Motion to Dismiss, copies of which are attached hereto and filed herewith. In accordance with Rule 3(a)(1) of the Federal Rules of Appellate Procedure, the plaintiff has enclosed with the original of this Notice three copies thereof.

THE PLAINTIFF,
THOMAS REILLY

By: /s/ Gary Phelan
Gary Phelan, Esq. (CT 03670)
Outten & Golden LLP
4 Landmark Square, Suite 201
Stamford, CT 06901
(203) 363-7888
Fax: (203) 363-0333
E-mail: gp@outtengolden.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed this 2nd day of May, 2005.

To:  Jennifer L. Schancupp
 Susman, Duffy & Segaloff
 55 Whitney Avenue
 P.O. Box 1684
 North Haven, CT  06507

 Michael P. Farrell, Esq.
 201 Center Street
 West Haven, CT  06516


_____
GARY PHELAN

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT BRIDGEPORT
March 31, 2005
Kevin F. Rowe, Clerk
By A. Montz
Deputy Clerk

THOMAS REILLY

v.                                              3:02CV1346 (SRU)

CITY OF WEST HAVEN and
H. RICHARD BORER, JR.

## JUDGMENT

This matter came on before the Honorable Stefan R. Underhill, United States District Judge, as a result of defendants' motion for summary judgment.

The Court has reviewed all of the papers filed in conjunction with the motion and on March 31, 2005, a Ruling on Defendants' Motion for Summary Judgment was entered by the Court granting defendants' motion.

Therefore, it is ORDERED and ADJUDGED that judgment is entered for the defendants and the case is closed.

Dated at Bridgeport, Connecticut, this 31st day of March, 2005.

Kevin F. Rowe, Clerk

By _____
Deputy Clerk

Entered on Docket 4/1/05

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS REILLY,<br>    Plaintiff, | :<br>:<br>:     CIVIL ACTION NO.<br>:     3:02cv1346 (SRU)<br>: |
| v. | |
| CITY OF WEST HAVEN and<br>H. RICHARD BORER, JR.,<br>    Defendants. | :<br>:<br>: |

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Thomas Reilly sued the City of West Haven and its mayor, H. Richard Borer, Jr., alleging that they retaliated against him, in violation of the First and Fourteenth Amendments and Connecticut General Statutes § 31-51q, after Reilly supported and ran on the ticket of Mayor Borer's opponent in the Democratic primary election of 2001. Reilly alleges two forms of retaliation: (1) the defendants eliminated his position with the City of West Haven, and (2) after his position was eliminated, he was prevented from "bumping" into other city positions.

The defendants have moved for summary judgment on all claims raised in Reilly's complaint. For the reasons set forth below, the defendants' motion for summary judgment is granted.

**I.   BACKGROUND**

The following facts are undisputed.

From 1995 to 2001, Reilly was the City of West Haven's electrical inspector. In August of 2001, Reilly ran for a city council seat on the ticket of John Picard, Mayor Borer's opponent, in West Haven's Democratic primary election. The West Haven Democratic Party, however, endorsed the ticket of the incumbent, Mayor Borer. Mayor Borer was then reelected in the general election of 2001. Thereafter, Mayor Borer submitted his annual proposed budget to the

City Council. In his budget proposal, Mayor Borer recommended eliminating the city's electrical inspector position, which Reilly occupied. The City Council, which consisted of twelve members, had the power to override any budget proposal by Mayor Borer if at least nine members agreed to do so. In May 2002, however, the City Council failed to override Mayor Borer's proposal to eliminate the position of electrical inspector, and on July 2, 2002, Reilly's position was officially eliminated.

Reilly alleges that Mayor Borer then attempted to prevent him from bumping into another city position – an option available to union employees – by manipulating job requirements for positions Reilly sought. After unsuccessful attempts to obtain the positions of Highway Maintenance Superintendent, Assistant to the Commissioner of Public Works, and Risk/Procurement Manager, Reilly obtained the position of Property Maintenance Code Inspector for the City of West Haven.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the evidence demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

When ruling on a summary judgment motion, the court must construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson*, 477 U.S. at 255. When a motion for summary judgment is properly supported by documentary and testimonial evidence, however, the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but rather

must present significant probative evidence to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Summary judgment is proper "[o]nly when reasonable minds could not differ as to the import of the evidence." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991). If the nonmoving party submits evidence that is "merely colorable," or is not "significantly probative," summary judgment may be granted. *Anderson*, 477 U.S. at 249-50.

> The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

*Id.* at 247-48. To present a "genuine" issue of material fact, there must be contradictory evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

### III.    DISCUSSION

The defendants' alleged retaliatory conduct falls into two broad categories: (1) the elimination of Reilly's position as the City's electrical inspector through Mayor Borer's budget proposal and the City Council's subsequent acceptance and passage of that proposal; and (2) the conduct subsequent to the passage of the budget, specifically, the actions allegedly taken to prevent Reilly from obtaining other positions with the City.

Both aspects of Reilly's claim fail. The defendants are entitled to legislative immunity regarding Reilly's claim that his position was improperly eliminated. In addition, Reilly has failed to submit evidence from which a reasonable jury could find that Mayor Borer interfered with Reilly's attempts to secure another position with the City.

A.    Elimination of Reilly's Position

Even assuming that the defendants violated Reilly's rights, the doctrine of legislative immunity nevertheless bars his claims of alleged retaliation in eliminating his position through Mayor Borer's budget proposal and the City Council's acceptance and passage of that proposal. *See Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (doctrine of absolute immunity for civil liability applies to local legislators including state executive branch officials when they perform a legislative function); *Harhay v. Town of Elligton Bd. of Educ.*, 323 F.3d 206, 210 (2d Cir. 2003) ("absolute legislative immunity from Section 1983 actions extends to local legislators").

Absolute legislative immunity attaches to all actions taken "in the sphere of legitimate legislative activity." *Bogan*, 523 U.S. at 54 (citing *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). Specifically, that immunity "extends to budget decisions that eliminate jobs, even for allegedly discriminatory reasons." *Harhay*, 323 F.3d at 211. In *Bogan*, the Supreme Court held that a mayor's preparation and proposal of the city's budget was "formally legislative," even though he was an executive official. 523 U.S. at 55. "We have recognized that officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Id.*

The conduct at issue here is the mayor's budgetary proposal, which eliminated Reilly's position, and the City Council's adoption of that proposal. In light of *Bogan* and *Harhay*, legislative immunity shields the defendants from civil liability stemming from that conduct. *See also Lorusso v. Borer*, __ F. Supp. 2d __, 2005 WL 517617 (D. Conn. Feb. 28, 2005) (describing West Haven charter and mayoral duties and holding that "Mayor Borer's conduct in proposing the budget is entitled to absolute immunity and his alleged motives for doing so are legally

-4-

irrelevant"); *Abbey v. Rowland*, __ F. Supp. 2d __, 2005 WL 464939, *4 (D. Conn. Feb. 17, 2005) (citing *Harhay*, 323 F.3d at 211, to hold that Governor's and Commissioner's decision to terminate an employment position as part of a state or municipal budgetary process is "characteristic of legislative action").

B.  Conduct After Reilly's Position Was Eliminated

Absolute legislative immunity does not bar suits stemming from non-legislative conduct. Reilly alleges that the defendants' retaliatory actions continued after the budget was proposed and passed. He claims principally that Mayor Borer altered the requirements of various positions with the City, which Reilly tried to obtain after his position was eliminated. Reilly fails to support these allegations with facts that would allow a reasonable jury to find in his favor.

In order to establish a claim of First Amendment retaliation, Reilly bears the burden of showing that: (1) his speech addresses a matter of public concern; (2) he suffered an adverse employment action; and (3) a causal connection existed between the exercise of a First Amendment right and the adverse employment action. *Konits v. Valley Stream Cent. High School Dist.*, 394 F.3d 121, 124 (2d Cir. 2005).

Similarly, Conn. Gen. Stat. § 31-51q provides in pertinent part:

> Any employer, including the state and any instrumentality or political subdivision thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state . . . shall be liable to such employee for damages caused by such discipline or discharge . . . .

Conn. Gen. Stat. § 31-51q. Section 31-51q specifically applies to "discipline or discharge" of an employee on account of his or her exercise of First Amendment rights. Even assuming that Reilly

is correct that section 31-51q applies to conduct subsequent to his discharge, there is still a lack of probative evidence to establish a genuine issue of material fact on the other elements of this claim.

In order to demonstrate a violation of section 31-51q, Reilly must prove that: (1) he was exercising rights protected by the first amendment to the United States Constitution (or equivalent provision of the Connecticut Constitution); (2) he was not hired on account of his exercise of such rights; and (3) his exercise of first amendment (or equivalent state constitutional) rights did not substantially interfere with his bona fide job performance or with his working relationship with his employer. *Cf. Lowe v. Amerigas, Inc.*, 52 F. Supp. 2d 349, 359 (D. Conn. 1998), *aff'd*, 208 F.3d 203 (2d Cir. 2000) (asserting test in context of employee's termination).

Even assuming that the first and third elements are satisfied, both the section 31-51q and section 1983 claims fail because Reilly has not demonstrated a genuine issue of material fact regarding the second element, i.e., that Mayor Borer manipulated the job requirements of positions Reilly sought because of Reilly's exercise of rights protected by the First Amendment.

After the plaintiff's job was eliminated on July 1, 2002, he was entitled under the City's Collective Bargaining Agreement to bump into a lateral or lower classification position. Reilly alleges that, after the budget proposal was accepted and his position eliminated, Mayor Borer further retaliated against him by repeatedly altering the requirements of every position he sought in order to exclude him from consideration. He attempted but failed to obtain the positions of Highway Maintenance Superintendent, Assistant to the Commissioner of Public Works, and Risk/Procurement Manager.

Construing the facts in the light most favorable to him, Reilly has not presented probative evidence sufficient to establish a genuine issue of material fact. "Mere conclusory allegations,

-6-

speculation or conjecture will not a avail a party resisting summary judgment." *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996). Reilly points only to his own affidavit, his own deposition testimony, and a letter he wrote to a member of the City Council to buttress his claim that the Mayor's actions were retaliatory. The problem is that these documents only contain statements concerning Reilly's beliefs about what occurred after his position was eliminated. Reilly's beliefs that Mayor Borer acted to prevent him from obtaining a job are insufficient to establish a genuine issue of material fact. There is no other evidence to support Reilly's claim.

Therefore, the defendants are entitled to summary judgment with respect to Reilly's claim that the requirements of positions he sought were purposely altered to prevent him from obtaining them.

### IV.   CONCLUSION

For the foregoing reasons, the defendants' Motion for Summary Judgment [doc. # 19] is GRANTED. The clerk shall enter judgment and close the file.

It is so ordered.

Dated at Bridgeport, Connecticut this 31st day of March 2005.

/s/ Stefan R. Underhill<br>
Stefan R. Underhill<br>
United States District Judge